# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOLT, | : | Civil No. 1:18-CV-02448 |
| Plaintiff, | : | |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE DEPARTMENT, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is an employment discrimination case that is currently before the court on Defendants' motion for summary judgment. For the reasons that follow, the motion is granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff David Holt ("Holt") initiated this case through the filing of a complaint on December 28, 2018. (Doc. 1.) In the complaint, Holt, who is an African American male and a sergeant with the Pennsylvania State Police ("PSP"), alleges that he was subjected to race discrimination, retaliation, a hostile work environment, and violations of his constitutional rights when he was denied a promotion to the position of lieutenant on multiple occasions in 2017 and 2018 and subjected to several other allegedly adverse employment actions during that period. (*Id.*) Count I of the complaint raises a claim under 42 U.S.C. §§ 1983 and 1985 against Defendants Blocker, Evanchick, Bacher, Nedorestek, and Gray ("the

1

individual Defendants") for First and Fourteenth Amendment retaliation, violation of the speech and petition clauses of the Constitution, violation of the equal protection clause of the Constitution, violation of the due process clause of the Constitution, and conspiracy to violate rights. (*Id.* ¶¶ 82–100.) Count II of the complaint raises a race discrimination claim under § 1983 against the individual Defendants. (*Id.* ¶¶ 101–04.) Count III raises a claim for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 against Defendants the Commonwealth of Pennsylvania and the PSP. (*Id.* ¶¶ 105–17.) Count IV raises a claim for hostile work environment discrimination under Title VII. (*Id.* ¶¶ 118–37.) Count V raises discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA"). (*Id.* ¶¶ 138–49.) Defendants answered Holt's complaint on February 25, 2019, *see* Doc. 8, and the case was reassigned to the undersigned by verbal order on November 15, 2019.

On November 24, 2020, Holt moved for discovery sanctions against the Defendants, asking the court to compel the production of "documents and things," and seeking other unspecified sanctions. (Doc. 60.) Holt additionally sought to preclude Defendants from filing any dispositive motions. (*Id.* at 2.) Following Defendants' opposition brief on the motion for sanctions and Holt's reply brief, the court denied the motion for sanctions on February 22, 2021 due to Holt's "multifaceted failure to comply with court orders, the local rules of this district,

2

and the Federal Rules of Civil Procedure," including a failure to comply with the court's procedure for resolution of discovery disputes, a failure to submit a brief in support of the motion, a failure to specify the relief that was sought in the motion, and a failure to present "any discernible legal argument" in support of the motion. (Doc. 69.) Additionally, given that Holt's motion sought a court order precluding Defendants from filing dispositive motions, the court sua sponte extended the deadline for all dispositive motions to March 22, 2021. (*Id.* at 4.)

Following another extension of the deadline, the Defendants filed the instant motion for summary judgment on April 1, 2021, along with a supporting brief and a statement of material facts. (Docs. 78–80.) In their brief in support of the motion for summary judgment, Defendants argue (1) that Holt's Title VII claims are untimely; (2) that Holt failed to exhaust his hostile work environment claim; (3) that there is no evidence to support Holt's retaliation claims; (4) that there is no evidence to support Holt's race discrimination claims; (5) that Holt's procedural due process claim fails because he does not allege that he was dismissed or reduced in rank; and (6) that there is no evidence to support Holt's conspiracy claim. (Doc. 79.)

Holt filed a brief opposing the motion for summary judgment on April 22, 2021, along with a response to Defendants' statement of material facts, his own counter-statement of material facts, and several exhibits. (*See* Doc. 82.) As part of

3

his brief in opposition to the motion, Holt requests additional discovery under Federal Rule of Civil Procedure 56(d). (*Id.* at 10–11.) Holt additionally attaches an affidavit to support that request from his attorney, Brian M. Puricelli. (*See* Doc. 82-3.)

Defendants filed a reply brief in support of the motion on May 6, 2021. (Doc. 88.) With briefing on the motion for summary judgment complete, it is now ripe for the court's disposition.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims that are so closely related to federal claims as to be part of the same case or controversy.

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A

dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but instead, 'must set forth specific facts showing that

5

there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### A. Holt's Request for Additional Discovery Is Denied

The court will first address Holt's request for additional discovery. When a party opposing a motion for summary judgment shows that it "cannot present facts essential to justify its opposition," the court may allow the parties additional time for discovery. Fed. R. Civ. P. 56(d). "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment

as a matter of law." *In re Avandia Mktg., Sales & Prods. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015)).

To properly request additional discovery for purposes of opposing summary judgment, "a party must indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *Dinnerstein v. Burlington Cty. College*, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (quoting *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)). A properly filed request for additional discovery under Rule 56(d) is generally granted "as a matter of course." *Avandia*, 945 F.3d at 761 (quoting *Shelton*, 775 F.3d at 468). A request for additional discovery does not need to be made through a formal motion and can instead be raised through the brief opposing summary judgment. *Shelton*, 775 F.3d at 567–68. The decision of whether to permit additional discovery is left to the discretion of the district court. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 324 n.6 (3d Cir. 2005) (citing *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002)).

In this case, Holt requests additional discovery through his brief opposing Defendants' motion for summary judgment and through a declaration from his attorney. (*See* Doc. 82, pp. 10–11; Doc. 82-3.) Holt specifically seeks facts regarding the Defendants' defenses, facts regarding the Defendants' intent,

comparator evidence, information about how witnesses will testify at trial, and information about the PSP's promotion process. (*See* Doc. 82-3.) Holt acknowledges that he previously sought the same information in his motion to compel discovery and that the court denied that relief, but asserts that he did not move for reconsideration of the court's order because it would be "too risky" given that there was "no basis in the law" for the court to reconsider its decision. (Doc. 82, p. 11 n.1.) Having not moved for reconsideration, Holt now asserts that his "only remedy" is to seek additional discovery under Rule 56(d).[1] (*Id.*)

Defendants argue that the request for additional discovery should be denied under *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003), because Holt is not seeking new discovery and is instead simply relitigating the motion to compel discovery that the court already decided. (Doc. 88, p. 7.)

The court agrees with Defendants. In *Horvath*, the plaintiff sought additional discovery in response to a motion for summary judgment but "concede[d] that all of the discovery [she sought] . . . had previously been sought" in two motions to compel that the district court had denied. *Horvath*, 333 F.3d at

---

[1] Holt erroneously cites the applicable portion of Rule 56 as Rule 56(f). (*See* Doc. 82, p. 11, n.1.) The relevant language was moved from Rule 56(f) to Rule 56(d) with the 2010 amendments to Rule 56. *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

458. The district court denied the request for additional discovery and the Third Circuit affirmed on the grounds that the requested discovery had already been denied by the district court in deciding the motions to compel. *Id.*

Like the plaintiff in *Horvath*, Holt seeks additional discovery in response to the motion for summary judgment but concedes that he already sought this information through a motion to compel. (*See* 82, p. 11 n.1.) The court denied the motion to compel with prejudice due to Holt's "multifaceted failure to comply with court orders, the local rules of this district, and the Federal Rules of Civil Procedure." (Doc. 69.) Holt's present request for additional discovery thus amounts to nothing more than an untimely request for reconsideration of the court's order denying his motion to compel. Like the court in *Horvath*, the court will deny that request and consider the motion for summary judgment on its merits.

**B. Holt's Counter-statement of Facts Is Stricken from the Record**

Under Local Rule 56.1, the party opposing a motion for summary judgment is required to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs" in the moving party's statement of material facts. M.D. Pa. L.R. 56.1. The rule does not permit a non-moving party to file an additional statement of material facts that does not respond to the moving party's statement. *See, e.g.*, *Farmer v. Decker*, 353 F. Supp. 3d 342, 347 n.1 (M.D. Pa. 2018) (disregarding non-movant's additional statement of facts for non-

9

compliance with Local Rule 56.1); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (noting that a separate statement that is not responsive to movant's statement "is neither contemplated nor permitted by the Local Rules"); *see also, e.g.*, *Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x 84, 87 (3d Cir. 2019) (upholding district court's decision to strike counter-statement of facts under Local Rule 56.1). Accordingly, the court will disregard Holt's counter-statement of material facts because it does not comply with Local Rule 56.1.

### C. Holt's Title VII Claims Are Untimely

The court will next address Defendants' argument that they are entitled to summary judgment as to Holt's Title VII claims because the claims are untimely. (*See* Doc. 79, pp. 10–11.) Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff is required to bring suit within 90 days of receiving a right-to-sue letter from the EEOC. When the actual date on which the plaintiff received the right-to-sue letter is unknown, courts must presume that the letter was received three days after the letter was sent. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). The 90-day limitation period under Title VII is strictly construed, and "in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999)).

In this case, it is undisputed that the EEOC mailed a right-to-sue letter to Holt on August 18, 2018.  (*See* Doc. 80, ¶ 2; Doc 82-1, ¶ 2; Doc. 80-1, p. 5.)  There is no evidence in the record of when Holt received the right-to-see letter.  Thus, the court must treat the limitation period as beginning on August 21, 2018, which is three days after the letter was sent.  The limitations period accordingly expired ninety days later, on November 19, 2018.  Holt's complaint, which was not filed until December 28, 2018, is untimely.

Holt does not offer any reason why the limitation period should be tolled in this case.  In fact, Holt completely ignores Defendants' timeliness argument, instead arguing that Defendants are "mistaken about exhaustion" because "Mr. Holt exhausted the agency process; he is issued right to sue letters.  Thus, he has conclusively exhausted agency process."  (Doc. 82, p. 5.)

Accordingly, because the undisputed facts show that Holt's Title VII claims are untimely and he does not offer any reason why the limitation period should be tolled, the court will grant Defendants summary judgment as to all of Holt's Title VII claims.  Having reached that conclusion, the court does not need to decide separately whether Holt exhausted his hostile work environment claim, as that claim is raised only under Title VII and is therefore untimely.

### D. Defendants Are Granted Summary Judgment as to Holt's Race Discrimination, Retaliation, and Conspiracy Claims

Having resolved Holt's Title VII claims, the court turns its attention to Plaintiff's remaining race discrimination, retaliation, and conspiracy claims. Holt's race discrimination claim is analyzed under the *McDonnell Douglas* burden-shifting framework.[2]  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under that standard, a plaintiff must first establish a prima facie case of discrimination, which requires the plaintiff to show (1) that he is a member of a protected class, (2) that he was qualified for the position he had, (3) that he suffered an adverse employment action, and (4) that the adverse employment action occurred under circumstances that could give rise to an inference of discrimination.[3]  *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013).  Once the plaintiff makes out a prima facie case of discrimination, the burden of production shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action.  *Burton v. Teleflex Inc.*, 707 F.3d 417,

---

[2] Holt's brief cites, repeatedly, to the "McDonald Douglas" burden-shifting standard.  The court assumes that Holt's counsel, an attorney with significant experience litigating employment discrimination cases, meant to refer to the McDonnell Douglas burden-shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[3] The substantive standards for discrimination and retaliation are generally the same under Title VII and the PHRA.  *See, e.g.*, *Marra v. Phila. Housing Auth.*, 497 F.3d 286, 300 (3d Cir. 2007); *Woodson v. Scott Paper Co.*, 109 F.3d 918, 932 n.20 (3d Cir. 1997)).  Thus, it is appropriate for the court to consider *McDonnell Douglas* and other Title VII cases in resolving Holt's PHRA claims.

426 (3d Cir. 2013). If the defendant does so, the burden shifts back to the plaintiff to show that the proffered nondiscriminatory reason was a pretext for intentional discrimination. *Id.*

To succeed on a retaliation claim, a plaintiff must establish that (1) he engaged in protected activity, (2) the defendant took an adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action. *Moody v. Atlantic City Bd. of Educ.*, 870 F.3d 206, 220 (3d Cir. 2017).

To succeed on a claim for conspiracy to violate civil rights, a plaintiff must establish (1) an agreement between two or more persons to deprive the plaintiff of constitutional rights; (2) that one or more of the people in the conspiracy committed an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff in his person or property or deprived the plaintiff of any right or privilege of a citizen of the United States. *Jutrowski*, 904 F.3d at 294 n.15 (citing *Barnes Foundation v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)).

Defendants seek summary judgment as to Holt's race discrimination, retaliation, and hostile work environment claims on the grounds that Holt does not have any evidence to support the claims.[4] (Doc. 79, pp. 14–26.)

Holt nominally opposes Defendants' motion for summary judgment, but he cites almost no evidence to support his claims. The *only* evidence that Holt cites in the entirety of his 29-page brief opposing Defendants' motion is two portions of testimony from two other unspecified cases, and that evidence—to the extent it can even be characterized as such—does nothing to establish Holt's claims. The first portion of testimony, which Holt identifies as "Bivens 2013 court testimony," is cited only for the proposition that Defendant Evanchick, "as commission [sic]," was informed by a lawsuit that "Evanchick promotes whites over Holt." (*Id.* at 20.) This does nothing to establish that Holt was subjected to retaliation, race discrimination, or a conspiracy to violate his rights in 2017 or 2018, which is the subject matter of this lawsuit. The second portion of testimony, which Holt identifies as "Holt I.[5] Lisa Damore testimony" is cited for the general proposition that the PSP uses its disciplinary process to retaliate and discriminate against

---

[4] Defendants raise several other arguments in support of their motion for summary judgment as to those claims, which the court will not address given its ultimate conclusion that Defendants are entitled to summary judgment based on a lack of evidence to support Holt's claims.

[5] Holt does not provide a citation for "Holt I," or otherwise indicate which case he is referring to.

employees,[6] but it is not cited to show that Holt himself was subjected to any retaliation or discrimination.

Holt's response to Defendants' statement of material facts fares no better. In the response, Holt cites his own declaration to support the conclusory contentions that he was transferred and suspended by the PSP as a result of "illegal discrimination for race and gender discrimination and retaliation," and that the PSP's handling of an incident of misconduct by Holt was "motivated in whole or part for race and prior activity of Mr. Holt." (Doc. 82-1, ¶¶ 6, 8.) These contentions do nothing to establish Holt's claims. *See Jutrowski*, 904 F.3d at 288–89 (noting that "[b]are assertions, conclusory allegations, or suspicions [do] not suffice" to defeat summary judgment).

The only evidence Holt cites in his response that is used to establish an actual fact is a declaration from former PSP Major Gary Dance, which Holt cites to support the contention that he was punished more harshly than a similarly situated white individual for an incident in which he left a loaded firearm in a public bathroom. (*See* Doc. 82-1, ¶ 7.) Although this could be relevant evidence to

---

[6] This is a *very* charitable reading of Holt's brief, as the portion of the brief that the testimony supports is not even a sentence. (*See* Doc. 82, p. 27 ("To using the disciplinary process; a method the PSP by practice uses to retaliate and discriminate[.]").

establish that the punishment of Holt amounted to discrimination, that specific incident is not at issue in this case.  (*See generally* Doc. 1.)

Thus, a review of Holt's 29-page brief and 7-page response to the Defendants' statement of material facts shows that he relies on exactly one item of evidence to support his claims, and that one item is not relevant to any of his claims.  Holt nonetheless argues that Defendants' motion for summary judgment should be denied because Defendants "present zero evidence to support their SJM arguments."  (Doc. 82, p. 16.)

Holt's argument is contrary to controlling Supreme Court precedent.  Under *Celotex*, a party moving for summary judgment may discharge its burden under Rule 56 "by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  Once such a showing has been made, the burden shifts to the non-movant to come forward with evidence that shows there is a triable issue of fact.  *Id.* at 324; *see also Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").  If the non-moving party does not produce sufficient evidence for the case to go to trial, summary judgment is appropriate. *Anderson*, 477 U.S. at 249.

That is exactly the case here. As noted above, Holt cites only item of evidence to support his claims, and that one item of evidence is not relevant to any of his claims. Holt has therefore failed "to make a showing sufficient to establish the existence of an element essential" to his race discrimination, retaliation, and conspiracy claims, *Celotex*, 477 U.S. at 322, and summary judgment in favor of the Defendants is appropriate as to those claims.

### E. Defendants Are Entitled to Summary Judgment as to Holt's Procedural Due Process Claim

Finally, the court will address Defendants' argument that they are entitled to summary judgment as to Holt's procedural due process claim because Holt does not allege that he was terminated from service or suffered a reduction in rank. (Doc. 79, p. 24.) Holt does not address this argument in his brief, and the court will accordingly grant Defendants summary judgment as to the procedural due process claim because Holt has abandoned that claim. *See, e.g.*, *Diodato v. Wells Fargo Ins. Servs., USA, Inc.*, 44 F. Supp. 3d 541, 556 (M.D. Pa. 2014) ("[A] non-movant's failure to offer any response to an opposing party's summary judgment arguments constitutes an abandonment of claims left undefended.").

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 10, 2021